IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-00236-03-CR-W-DGK |
| ) | |
| JASON E. SPARKS, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is currently before the Court on Defendant Sparks' Motion to Sever (doc #63) in which defendant Sparks seeks a severance from his co-defendant, Derek Williams. For the reasons set forth below, this motion is denied.

I. INTRODUCTION

On June 20, 2013, defendant Jason E. Sparks, along with Derek A. Williams, Ashli Adkins, Charidy Blankenship[1] and Daniel R. Williams, was charged in a forty-three count Indictment.

On February 4, 2016, the Grand Jury returned a forty-six count Superseding Indictment against defendants Derek A. Williams, Ashli Adkins, Jason E. Sparks and Daniel R. Williams. Defendant Sparks is charged in Counts One through Forty-Two. Defendant Derek Williams is charged in Counts One through Forty-Four. In Count One, all defendants are charged with conspiracy to commit mail fraud. In Counts Two and Three, all defendants are charged with conspiracy to distribute controlled substance analogues. In Count Four, all defendants are

---

[1]Defendant Blankenship entered a guilty plea on July 2, 2015.

charged with conspiracy to import controlled substance analogues. In Counts Five through Ten, all defendants are charged with distribution of controlled substance analogues. In Count Eleven, all defendants are charged with conspiracy to introduce, receive, deliver and sell misbranded drugs in interstate and foreign commerce. In Counts Twelve and Thirteen, all defendants are charged with conspiracy to commit money laundering. In Counts Fourteen through Forty-Two, defendants Derek A. Williams, Ashli Adkins and Jason E. Sparks are charged with conducting financial transactions in excess of $10,000 with criminally derived proceeds. In Counts Forty-Three and Forty-Four, defendants Derek A. Williams, Ashli Adkins and Daniel R. Williams are charged with conducting financial transactions in excess of $10,000 with criminally derived proceeds. Counts Forty-Five and Forty-Six charge only defendant Daniel R. Williams.

## II. DISCUSSION

### A. Joinder of Defendants

Rule 8(b), Federal Rules of Criminal Procedure, establishes the requirements for joinder of defendants. Defendants are permitted to be joined where "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "There is a preference in the federal system for joint trials of defendants who are indicted together." United States v. Anderson, 783 F.3d 727, 743 (8th Cir. 2015)(quoting Zafiro v. United States, 506 U.S. 534, 537 (1993)). This is increasingly so when it is charged that defendants have engaged in a conspiracy. See United States v. Basile, 109 F.3d 1304, 1309 (8th Cir.), cert. denied, 522 U.S. 866 (1997); United States v. Pou, 953 F.2d 363, 368 (8th Cir.), cert. denied, 504 U.S. 926 (1992). "The preference for joint trials of defendants jointly indicted, particularly where conspiracy is charged, is not limited by any requirement that the quantum of

2

evidence of each defendant's culpability be equal." United States v. Mallett, 751 F.3d 907, 917 (8th Cir. 2014)(quoting United States v. Lewis, 557 F.3d 601, 610 (8th Cir. 2009)).

The question of whether joinder is proper is to be determined from the face of the indictment, accepting as true the factual allegations in the indictment. See United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984)(overruled on other grounds), cert. denied, 471 U.S. 1115 (1985). See also United States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991), cert. denied, 507 U.S. 971 (1993)("the indictment on its face revealed a proper basis for joinder"); United States v. Jones, 880 F.2d 55, 62 (8th Cir. 1989)("the superseding indictment reveals on its face a proper basis for joinder").

Accepting as true the factual allegations in the Superseding Indictment, it is clear that the charges in Counts One through Thirteen (that defendant Jason Sparks, along with co-defendants Derek Williams, Ashli Adkins and Daniel Williams, conspired to commit mail fraud; conspired to distribute controlled substance analogues; conspired to import controlled substance analogues; distributed controlled substance analogues; conspired to introduce, receive, deliver and sell misbranded drugs in interstate and foreign commerce; and conspired to commit money laundering) and the charges in Counts Fourteen through Forty-Two (that defendant Jason Sparks, along with co-defendants Derek Williams and Ashli Adkins, conducted financial transactions in excess of $10,000 with criminally derived proceeds) satisfy the requirement that defendants are alleged to have participated in the same act or in the same series of acts constituting an offense. There is no misjoinder of defendants in this case.

    B.    <u>Defendant Sparks is Not Prejudiced By His Joinder With Derek Williams</u>

"When defendants are properly joined, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of

3

a correct outcome." United States v. Casteel, 663 F.3d 1013, 1018 (8th Cir. 2011)(quoting United States v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009)). However, Rule 14, Federal Rules of Criminal Procedure, permits severance where joinder would result in unfair prejudice to a defendant. The decision to sever lies in the trial court's discretion. See United States v. Davis, 882 F.2d 1334, 1340 (8th Cir. 1989), cert. denied, 494 U.S. 1027 (1990).

Defendant Sparks argues that he would be prejudiced by a joint trial with Derek Williams. Specifically, defendant states:

> The discovery provided indicates that the Government may intend to use statements allegedly made by co-defendant Derek Williams in an interview for a *Bloomberg* article that was published on March 4th, 2011. In this interview, Mr. Williams purports to state that:
>
> - Mr. Sparks "told him about K2, a product made from plant material and chemicals that provided a legal, marijuana-like high".
>
> - "he studied the compounds that mimic the effects of pot"
>
> - "Marketing the product as incense helps him avoid federal regulations, even though he said he knows most customers smoke it."
>
> - "When his ingredients are restricted he switches to similar ones."
>
> - "He'd previously smoked marijuana and was skeptical about a synthetic alternative when his cousin, Jason Sparks, told him about K2."
>
> - "Before marketing each of the different blends, … he smoked various amounts to make sure they were safe, and had regular customers try new versions."
>
> - "It's doubtful customers use Syn as incense."
>
> - "Everybody knows what it is and what they're buying it for"
>
> - "We have one of the most potent blends on the market."
>
> Defendant Jason Sparks now moves to sever his trial from that of his

4

co-defendant Derek Williams under Fed. R. Crim. P. 14(a). Defendant Sparks bases his motion on the applicable law in combination with the above statements purportedly made by Derek Williams in an interview for a *Bloomberg* article which implicates Defendant Sparks and that such statements would be otherwise inadmissible if the two Defendants were tried separately. This Motion is premised on the substantial risk that Sparks' trial rights will be compromised if his trial is not severed.

(Defendant Sparks' Motion to Sever (doc #63) at 2-3)

Defendant Sparks argues that the evidence set out above would be inadmissible against him if he were tried alone. However, the Court notes that defendant Sparks is charged in almost every count in which defendant Derek Williams is charged.[2] Thus, evidence relevant to the charges against defendant Derek Williams would appear relevant to the charges against defendant Sparks. In addition, the evidence set out above appears to involve conduct in furtherance of the charged conspiracies. The statements allegedly made by defendant Derek Williams were made for an article that was published on March 4, 2011. Defendant Derek Williams was quoted as saying: "I just saw a business opportunity, … I knew with all the media hype this wasn't going to go away anytime soon. It was creating more and more customers." Justin Blum, *Marijuana-Like High Helps Trashman's Syn Battle Solid Sex,* Bloomberg (March 4, 2011).[3] As set forth in the Superseding Indictment, the alleged conspiracies to commit mail fraud, to distribute controlled substance analogues, to import controlled substance analogues, to introduce, receive, deliver and sell misbranded drugs in interstate and foreign commerce and to commit money laundering all began on or about March 1, 2011. The interview given by defendant Derek Williams appears to be a further attempt to add to the "media hype" and, thus,

---

[2]Defendant Derek Williams is charged in only two counts which do not include defendant Sparks (i.e. Counts Forty-Three and Forty-Four, Conducting Financial Transactions in Excess of $10,000 With Criminally Derived Proceeds).

[3]http://www.bloomberg.com/news/articles/2011-03-04/marijuana-like-high-helps-ex-trashman-s-syn-battle-solid-sex.

create more and more customers, which would appear to be conduct in furtherance of the charged conspiracies. An argument similar to that made by defendant Sparks was rejected in United States v. Ramsey, No. 11-3224, 510 F. App'x 731 (10th Cir. Feb. 11, 2013), cert. denied, 134 S.Ct. 714 (2013), where the court found:

> … Ramsey's argument fails because he has not shown the evidence would be inadmissible to prove the conspiracy charge against him if he had been tried alone.
>
> Overt acts taken in furtherance of a conspiracy are admissible against all coconspirators as evidence of the conspiracy. See United States v. Scott, 37 F.3d 1564, 1581 (10th Cir. 1994). …

510 F. App'x at 734-35. Accord Rincon v. Burge, 05Civ.0686(LTS)(MHD), 2010 WL 6789121, *18 (S.D.N.Y. Sep. 8, 2010)("although some of the evidence concerned crimes in which not all of the defendants were directly involved, that evidence was admissible against all of them as alleged coconspirators, since the conduct in question involved overt acts in furtherance of the conspiracy").

To the extent that evidence would be admissible in a joint trial that would otherwise not be admissible if defendant Sparks were tried alone, the law is clear that a defendant is not entitled to severance simply because the evidence against a co-defendant is more weighty than the evidence against him or because evidence admissible against a co-defendant may make his case more difficult to defend. In United States v. Willis, 940 F.2d 1136 (8th Cir. 1991), cert. denied, 507 U.S. 971 (1993), the court found:

> There can be little doubt that the joint trial made it more difficult for Willis [a minor participant charged in only two of thirty-two counts] to defend himself. The evidence clearly revealed that Duke was a major drug dealer with a "far-flung" operation. But difficulty alone is not a reason to reject joinder. A showing of clear prejudice must be made.

Id. at 1139. See also United States v. Pecina, 956 F.2d 186, 188 (8th Cir. 1992); United States

6

v. Davis, 882 F.2d 1334, 1340 (8th Cir. 1989), cert. denied, 494 U.S. 1027 (1990).

Prejudice may occur if the jury is unable to compartmentalize the evidence against each defendant. See Willis, 940 F.2d at 1138. However, this potential problem can normally be resolved through applicable jury instructions. See Pecina, 956 F.2d at 188 ("Disparity in the weight of the evidence as between ... parties does not entitle one to severance ... In addition, the district court gave precautionary instructions advising the jury of the proper use of evidence as related to each defendant and each charge"); United States v. McConnell, 903 F.2d 566, 571 (8th Cir. 1990), cert. denied, 498 U.S. 1106 (1991)("the roles of the individual [defendants] were sufficiently distinct that the jury, aided by the court's instructions, could compartmentalize the evidence against each defendant"); United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989); United States v. Jackson, 549 F.2d 517, 526 (8th Cir.), cert. denied, 430 U.S. 985 (1977).

There is no reason to question that any possible prejudice to defendant Sparks resulting from any evidence which is not evidence of the conspiracies and/or the other charges brought against Sparks and which is presented against his co-defendant Derek Williams cannot be resolved through precautionary jury instructions. There is no prejudice in this case that would require severance in order to ensure a fair trial.

    C.    Defendant Sparks is Not Entitled to a Severance Based Upon Bruton

Defendant Sparks further argues that he is entitled to a severance based upon Bruton v. United States, 391 U.S. 123 (1968), in that he would be prejudiced by a joint trial with Derek Williams based on an inability to cross-examine Williams on statements Williams made that may be used in the government's case. (Defendant Sparks' Motion to Sever (doc #63) at 5-6) This argument must also fail.

In United States v. Avila Vargas, 570 F.3d 1004, 1008-09 (8th Cir. 2009), the Eighth

Circuit Court of Appeals found:

> In <u>Bruton v. United States</u>, the Supreme Court held that the admission of a non-testifying defendant's statement that incriminated a co-defendant violated the latter's confrontation clause rights. 391 U.S. at 135-36. <u>Bruton</u>, however, does not preclude the admission of statements by a coconspirator in furtherance of the conspiracy. <u>United States v. Spotted Elk</u>, 548 F.3d 641, 662 (8th Cir. 2008); <u>United States v. Singh</u>, 494 F.3d 653, 658-59 (8th Cir. 2007); <u>see also</u> <u>United States v. Coco</u>, 926 F.2d 759, 761 (8th Cir. 1991). Such statements are generally admissible absent confrontation because they are not testimonial. <u>Spotted Elk</u>, 548 F.3d at 662; <u>Singh</u>, 494 F.3d at 658-59; <u>see also</u> <u>Crawford v. Washington</u>, 541 U.S. 36, 56 (2004)("Most of the hearsay exceptions covered statements that by their nature were not testimonial-for example, business records or statements in furtherance of a conspiracy.") Under <u>Crawford v. Washington</u>, the confrontation clause has no application to out-of-court non-testimonial statements. <u>Whorton v. Bockting</u>, 549 U.S. 406, 420 (2007); <u>Spotted Elk</u>, 548 F.3d at 662; <u>see also</u> <u>Melendez-Diaz v. Mass.</u>, --- U.S. ---, 129 S.Ct. 2527, 2539 (2009)("Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because ... they are not testimonial.") Garcia's statement identifying Vargas as his source was not testimonial and thus did not implicate Vargas's Sixth Amendment confrontation clause right. We find no <u>Bruton</u> error.

570 F.3d at 1008-09. Thus, any statements made by Derek Williams in furtherance of the conspiracy to commit mail fraud <u>or</u> the conspiracy to distribute controlled substance analogues <u>or</u> the conspiracy to import controlled substance analogues <u>or</u> the conspiracy to introduce, receive, deliver and sell misbranded drugs in interstate and foreign commerce <u>or</u> the conspiracy to commit money laundering were not testimonial and, thus, do not implicate defendant Sparks' Sixth Amendment right to confrontation.

To the extent that the government intends to offer at trial any statements which present <u>Bruton</u> issues, the Trial Order requires the government to present to the Court the statements along with proposed redactions no later than thirty days prior to trial. To date, no statements have been presented to the Court.

## III. CONCLUSION

Rules 8 and 14 are designed to promote judicial economy and efficiency and to avoid a multiplicity of trials as long as these objectives can be achieved without substantial prejudice to the right of the defendant to a fair trial.  See Zafiro v. United States, 506 U.S. 534, 540 (1993). Given the Court's findings that defendant Sparks is properly joined with his co-defendants and that defendant's claims of prejudice must fail, it is

ORDERED that Defendant Sparks' Motion to Sever (doc #63) is denied.

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE
